1
24 CO 61 Jamie Edward Bock, Petitioner v. The People of the State of Colorado. Respondent No. 23SC97Supreme Court of Colorado, En BancSeptember 9, 2024

         
Certiorari to the Colorado Court of Appeals Court of Appeals
Case No. 19CA2184

         
Attorneys for Petitioner: Megan A. Ring, Public Defender
Chelsea E. Mowrer, Deputy Public Defender Denver, Colorado

         
Attorneys for Respondent: Philip J. Weiser, Attorney General
Patrick A. Withers, Senior Assistant Attorney General Denver,
Colorado

          CHIEF
JUSTICE MARQUEZ, JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE
GABRIEL, JUSTICE SAMOUR, and JUSTICE BERKENKOTTER joined.

2

         
OPINION

          HART
JUSTICE

3

         ¶1
Jamie Edward Bock was charged with nine counts of theft for
conduct that occurred between November 2014 and November
2016, under a provision of the theft statute that punishes
single acts of theft. Although proof of aggregation is only
required under a different portion of the theft statute, the
trial court instructed the jury that Bock could not be
convicted of four of those counts unless the prosecution
proved that multiple acts of theft had been committed within
six months of each other.

         ¶2
Bock argues that this jury instruction resulted in an
impermissible, constructive amendment of his charge. He
further argues that the constructive amendment constituted a
structural error requiring reversal. We agree on the first
point; the erroneous jury instruction was a constructive
amendment of the charge. However, we disagree that the
constructive amendment was a structural error requiring
automatic reversal. Instead, we review the constructive
amendment for plain error.

         ¶3
We conclude that Bock did not satisfy his burden for reversal
because he received sufficient notice of the amendment to
mount a defense, and the People's burden of proof was not
materially lessened so as to categorically prejudice Bock.
Accordingly, we affirm the court of appeals' decision and
uphold Bock's convictions.

4

         I.
Facts and Procedural History

         ¶4
Several homeowners hired Bock to do substantial construction
work, and each gave him an initial payment for the work. For
some of the projects, Bock bought the building materials and
started the work. On others, he did not do any work. On four
projects, Bock requested and received additional funds from
the homeowners. He did not complete any project or refund any
money.

         ¶5
The People charged Bock with nine counts of theft in five
cases that were joined into a single trial. The original
charging documents only alleged that Bock had violated
section 18-4-401(1)(a), C.R.S. (2023), the provision of the
theft statute punishing exclusively single acts of theft. The
People never expressly indicated that they were proceeding
under section 18-4-401(4)(a)-(b), which permits aggregation
of thefts for punishment.

         ¶6
Before trial, Bock asked the People for a bill of particulars
including "the specific value alleged to have been
stolen for each charge, the specific dates for each charge,
and the specific subsection of the theft statute that he is
being prosecuted under for each charge." The People
submitted (and later amended) a bill of particulars that
included:

• trial count 1 (count 1 in case number 16CR1477),
involving six alleged thefts stemming from six checks dated
between November 2014 and April 2015;

5

• trial count 2 (count 2 in case number 16CR1477),
involving five alleged thefts stemming from five checks dated
between July 2015 and September 2015;

• trial count 5 (count 1 in case number 17CR1777),
involving two alleged thefts stemming from two checks dated
in December 2016;

• trial count 6 (count 2 in case number 17CR1777),
involving four alleged thefts stemming from four checks dated
between July 2016 and November 2016;

         ¶7
The bill of particulars further indicated that each of the
remaining counts for trial involved only a single instance of
alleged theft for each party from whom Bock had taken
money.[1]

         ¶8
The case proceeded to trial. After the parties completed
their presentation of the evidence, the trial court read the
jury instructions. Notably, the court instructed the jury on
the elements of trial count 1, as follows:

1. That the defendant,

2. in the State of Colorado, between and including November
23, 2014 and December 10, 2015,

3. knowingly,

4. obtained, retained, or exercised control over anything of
value of another,

6

5. without authorization or by threat or deception,

6. intended to deprive the other person permanently of the
use or benefit of the thing of value, and

7. committed within a period of six months those thefts
charged in the same count.

         (Emphasis
added.) The court's instructions on the elements of trial
counts 2, 5, and 6 were substantially similar, only changing
the names of the alleged victims and the dates the offenses
were allegedly committed. Bock's counsel did not object
to the jury instructions or their inclusion of the
aggregation language requiring the thefts to be committed
within six months of each other.

         ¶9
The jury convicted Bock of all nine counts, and the trial
court sentenced him to a total of twenty years in the
Department of Corrections.

         ¶10
Bock appealed, arguing, among other things, that the trial
court had reversibly erred by providing jury instructions
that constructively amended the charges against him. While
the division concluded that the difference between the
charges and the jury instructions amounted to a constructive
amendment, it ultimately held that reversal was not required.
People v. Bock, No. 19CA2184, ¶ 10 (Dec. 8,
2022).

         ¶11
The majority concluded that Bock's constructive amendment
claims were subject to plain error review; meaning that
reversal was required only if the trial court's error in
allowing the constructive amendment was both obvious and
"so

7

undermined the fundamental fairness of the trial as to cast
serious doubt on the reliability of the judgment of
conviction." Id. at ¶ 12 (citing Hagos
v. People, 2012 CO 63, ¶ 14, 288 P.3d 116, 120). It
reasoned that "regardless of Bock's understanding of
the original complaint, the bill of particulars placed him on
notice that he would have to mount a defense" to the
aggregated theft charge. Id. at ¶ 27.
Furthermore, the majority held that because the plain
language of the statute "requires the prosecution to
prove all of the thefts aggregated into a single
count," the constructive amendments actually
"elevated the People's burden of proof instead of
lessening it." Id. at ¶ 30.

         ¶12
Writing separately, Judge Schutz agreed that plain error was
the appropriate standard of reversal but disagreed with the
outcome of the majority's plain error analysis.
Id. at ¶ 83 (Schutz, J., concurring in part and
dissenting in part). He concluded instead that the
constructive amendments had undermined the fundamental
fairness of Bock's trial on those counts. Id. at
¶ 113. In Judge Schutz's view, "defense
theories are not developed in a vacuum," and thus,
neither he nor the majority could know "how this case
would have proceeded had Bock actually been apprised of the
aggregation theory he was facing." Id. at
¶ 121.

         ¶13
Bock petitioned this court for certiorari review, which we
granted.[2]

8

         II.
Analysis

         ¶14
A constructive amendment occurs when a jury instruction
"changes an essential element of the charged offense and
thereby alters the substance of the charging
instrument." People v. Rediger, 2018 CO 32,
¶ 48, 416 P.3d 893, 903 (quoting People v.
Rodriguez, 914 P.2d 230, 257 (Colo. 1996)). We agree
with both parties and the court of appeals that the jury
instructions constructively amended the charges against Bock.
However, we disagree that a constructive amendment is a
structural error. We thus review the constructive amendment
for plain error, and we hold that Bock has not proved
reversible plain error.

         ¶15
A person commits theft under subsection (1)(a) when he

knowingly obtains, retains, or exercises control over
anything of value of another without authorization or by
threat or deception; receives, loans money by pawn or pledge
on, or disposes of anything of value or belonging to another
that he . . . knows or believes to have been stolen, and . .
.[i]ntends to deprive the other person permanently of the use
or benefit of the thing of value ....

         §
18-4-401(1)(a). Several discrete acts of theft may be charged
as a single offense, but only if they occurred "pursuant
to one scheme or course of conduct." §
18-4-401(4)(b).

9

         ¶16
The People charged Bock under section 18-4-401(1)(a) with
four counts of aggregated theft, representing multiple
takings against the same victim under a single criminal
episode. The jury instructions, however, pointed to section
18-4-401(4)(a)-(b), including all the takings from all the
victims within a six-month period. Unlike the original
charges, the jury instructions were not based on individual
thefts, nor did they include an aggregation with a
single-criminal-episode element. Thus, the instructions
altered the substance of the charge and amounted to a
constructive amendment. But, was this constructive amendment
a structural error?[3]

         ¶17
We have repeatedly emphasized that structural errors are a
"limited class of fundamental constitutional
error." People v. Novotny, 2014 CO 18, ¶
20, 320 P.3d 1194, 1201; see also People v.
Crabtree, 2024 CO 40M, ¶ 26, 550 P.3d 656, 664
(discussing the limited class of errors). Structural errors
"require automatic reversal without individualized
analysis of how the error impairs the reliability of the
judgment of conviction." Hagos, ¶ 10, 288
P.3d at 119. The reason for limiting the class of structural
errors parallels the reasons for foregoing individualized
analysis of the harm. An error is structural only if (1) its
impact is essentially

10

unmeasurable or (2) it always causes fundamental unfairness.
James v. People, 2018 CO 72, ¶ 15, 426 P.3d
336, 339.

         ¶18
Very few errors fall into this category. The Supreme Court
has explained that structural error includes only those
egregious violations that taint the entire trial. Weaver
v. Massachusetts, 582 U.S. 286, 295-96 (2017);
United States v. Gonzalez-Lopez, 548 U.S. 140, 148
(2006). We have found structural error, for example, when (1)
a defendant was sentenced for a crime different from that on
which a jury's guilty verdict was based, Medina v.
People, 163 P.3d 1136, 1142 (Colo. 2007); (2) a jury was
improperly instructed on an element of a crime, Cooper v.
People, 973 P.2d 1234, 1242 (Colo. 1999); and (3) a
defendant was deprived of counsel, Hagos, ¶ 10,
288 P.3d at 119.

         ¶19
Constructive amendments do not fall in this
class.[4] Constructive amendments can broaden or
narrow indictments, thus sometimes producing prejudice and
sometimes producing no prejudice at all.

11

         ¶20
For instance, in People v. Weeks, 2015 COA 77, 369
P.3d 699, while the court of appeals found a constructive
amendment, it also concluded there was no prejudice. In that
case, the defendant was charged with causing a child's
death through a pattern of "cruel punishment,
mistreatment, or an accumulation of injuries."
Id. at ¶ 51, 369 P.3d at 709 (alteration
omitted). The jury instructions, however, included two other
elements: malnourishment and lack of proper medical care.
Id. ¶¶ 48, 50-51, 369 P.3d at 708-09.
Because nothing suggested that the defendant had engaged in a
pattern of malnourishment or lack of proper medical care, the
division determined that the defendant was not prejudiced by
the constructive amendment. Id. at ¶ 55, 369
P.3d at 709.

         ¶21
In Rediger, however, this court determined that a
constructive amendment did prejudice the defendant because it
lessened the People's burden. ¶ 51, 416 P.3d at 904.
In that case, the defendant was charged with

willfully imped[ing] the staff or faculty of [an educational
institution] in the lawful performance of their duties or
willfully imped[ing] a student of the institution in the
lawful pursuit of his educational activities through the use
of restraint, abduction, coercion, or intimidation or when
force and violence [were] present or threatened.

Id. at ¶ 49, 416 P.3d at 903 (second and fourth
alterations in original). The jury instruction, in contrast,
only required the People to prove that the defendant
"willfully den[ied] to students, school officials,
employees, and invitees . . . [l]awful use of the property or
facilities of [an educational] institution."
Id. at ¶ 50,

12

416 P.3d at 904 (alterations in original). This court
concluded the difference between the charging document and
the jury instructions prejudiced the defendant because it
materially lessened the People's burden and substantially
undermined the fairness of the trial. Id. at
¶¶ 51-52, 416 P.3d at 904. As these cases
demonstrate, constructive amendments will sometimes, but not
always, prejudice a defendant. Appellate courts can conduct
that evaluation.

         ¶22
Moreover, a constructive amendment "does not
necessarily render a criminal trial fundamentally
unfair." Neder v. United States, 527 U.S. 1, 9
(1999). For instance, a defense could apply equally to the
charged and amended counts. See, e.g., Collins
v. State, 305 So.3d 1262, 1265-67 (Miss. Ct. App. 2020)
(noting that the constructive amendment did not affect the
trial's fairness because the amendment would not change
the defense's theory). Or a constructive amendment can
make the prosecution's case harder to prove.
See, e.g., United States v. Kilmartin, 944
F.3d 315, 326 (1st Cir. 2019) (concluding that there was no
prejudice because the constructive amendment "had the
effect of adding another element that the government was
required to prove beyond a reasonable doubt"). In these
circumstances, the constructive amendment does not
necessarily make the criminal trial unfair. Certainly, there
could be circumstances in which a constructive amendment
would cast doubt on the fundamental fairness of the trial,

13

and courts must have the tools to address those
circumstances. But automatic reversal is too blunt a tool.
Review for plain error is a much better fit.

         ¶23
Having concluded that constructive amendments are not
structural error, we proceed to review the amendment that
occurred here for plain error.[5]

         ¶24
An error is plain only if it is obvious, substantial, and so
undermined the trial's fundamental fairness as to cast
doubts on the reliability of the conviction. Hagos,
¶ 14, 288 P.3d at 120. In other words, the defendant can
prove plain error by demonstrating substantial prejudice.
See Rediger, ¶ 52, 416 P.3d at 904.

         ¶25
The constructive amendment here did not undermine the
fundamental fairness of the trial or substantially prejudice
Bock. While Bock was charged only with violations of the
single theft provision of the theft statute, he was informed
before trial, through the bill of particulars, of the precise
dates and sums that formed the basis of the claims that would
be presented at trial, including the fact that some of those
claims would be for multiple, aggregated thefts. He could not
reasonably claim surprise or lack of notice that would
prevent him from defending against the aggregated claims at
trial. In fact, repeated conversations between

14

counsel and the court throughout trial demonstrate that he
was aware of the aggregated claims. Moreover, the jury
instructions ultimately raised the prosecution's burden
of proof, requiring them to prove the additional element that
the individual thefts occurred within six months of each
other.

         III.
Conclusion

         ¶26
We hold that constructive amendments are reviewed for plain,
rather than structural, error. We further hold that the error
wasn't plain because it did not undermine the trial's
fundamental fairness. Accordingly, we affirm.

---------

Notes:

[1] The bill of particulars did not
respond to Bock's request for identification of "the
specific subsection of the theft statute that he is being
prosecuted under for each charge." Bock did not
challenge this omission.

[2] We granted certiorari to review the
following issue:

Whether the constructive amendment in the theft
instruction constituted structural error, or, alternatively,
plain, reversible error.

[3] Because this case presents a question
of law, we review it de novo. Howard-Walker v.
People, 2019 CO 69, ¶ 22, 443 P.3d 1007,
1011.

[4] Divisions of the court of appeals have
been split on whether constructive amendment is structural
error. Compare People v. Rail, 2016 COA 24, ¶
50, 457 P.3d 608, 617 ("A constructive amendment is per
se reversible."), and People v. Foster, 971
P.2d 1082, 1087 (Colo.App. 1998) ("A variance that
broadens an indictment constitutes a constructive amendment
and is reversible per se."), with People v.
Carter, 2021 COA 29, ¶¶ 14, 48-57,
486 P.3d 473, 477, 483-84 (concluding that "a
constructive amendment isn't a structural error" and
then reviewing the defendant's unpreserved constructive
error claim for plain error), and People v. Garcia,
2023 COA 58, ¶¶ 45-49, 536 P.3d 847, 856-57 (same).
We settle that question today.

[5] Bock urges us to adopt a standard that
would presume prejudice-requiring the People to prove that no
prejudice had been caused by the constructive amendment
instead of requiring Bock to demonstrate prejudice. Because
we conclude that there was no prejudice here, we do not
consider whether there might be circumstances in which a
presumption of prejudice would be appropriate.

---------